UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.  Case No. 8:06-CR-482-T-27JSS

**JARRED L. MAYS**
_____/

**O R D E R**

**BEFORE THE COURT** is Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Dkt.124). A response is unnecessary, as Defendant includes the position of the United States in his motion. Upon consideration, Defendant's motion is **DENIED**. His *pro se* construed motion (Dkt. 118) is **DENIED** *as moot*.

Defendant pleaded guilty to Counts One and Four of a Superseding Indictment, which charged him with possession with intent to distribute 50 grams or more of cocaine base, and Count Two, which charged him with carrying a firearm during and in relation to a drug trafficking crime (Dkt. 62). He was sentenced to 151 months on Counts One and Four and 60 months consecutive on Count Two, followed by concurrent 60 months terms of supervised release (Dkt. 76). His sentences on Counts One and Four were reduced to 130 months as a result of Amendment 782 to the United States Sentencing Guidelines (Dkt. 113). His sentence on Count Two remained the same.

Section 404 of the First Step Act, Pub. L. No. 115-391, made retroactive the reduction in statutory penalties modified by the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Sta. 2372 (2010) ("FSA"). *See* First Step Act of 2018, Pub. L. No. 115-391, § 404(b) (2018). It is undisputed that Defendant is eligible for a sentence reduction under the First Step Act, since Counts One and Four are "covered offenses" under the First Step Act, because the statutory penalties for those offenses were modified by the FSA.[1] Defendant requests a sentence reduction to time served, and a reduced term of supervised release. The United States agrees that Defendant is eligible for a

---

[1] In accordance with this Court's Omnibus Order (Case No. 8:19-mc-10-T-23), the United States Probation Office submitted a memorandum which confirmed Defendant's eligibility for a sentence reduction under the First Step Act, and included his amended guidelines range of 130-162 months on Counts One and Four (Dkt. 121). That amended guidelines range remained the same as his guidelines range after Amendment 782, with the exception of his fine range, and the term of supervised release, which changed from 5 years to 4-5 years.

1

sentence reduction on Counts One and Four, but opposes a reduction in sentence, since Defendant's sentencing guidelines range remains unchanged.

Defendant is currently serving a low end guidelines sentence of 130 months on Counts One and Four.[2] Notwithstanding his eligibility for a sentence reduction, Section 404 authorizes, but does not require a sentence reduction.[3] After considering the factors in 18 U.S.C. § 3553(a), including Defendant's conduct while in prison, the court declines to reduce his sentence. His offense was serious, involving in excess of 310 grams of cocaine base, and the carrying of a firearm during the offense. The need to reflect the seriousness of the offense, promote respect for the law, promote deterrence and protect the public all mitigate against a reduced sentence.[4] All other terms and conditions of the Judgment remain in full force and effect. His request for a hearing is denied.

**DONE AND ORDERED** this 6th day of August, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record, Defendant

---

[2] As correctly noted by my colleague, "[t]he only limits found in the First Step Act are the statutory minimums of the Fair Sentencing Act's new thresholds," and "[a]s with any sentencing, the Court's sentencing decision is 'anchored by the Guidelines.'" *See United States v. Hadley*, No. 606CR209ORL37KRS, 2019 WL 3334348, at *5 (M.D. Fla. July 24, 2019) (citing *Peugh v. United States*, 569 U.S. 530, 541, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013)).

[3] Section 404 expressly provides: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act of 2018, Pub. L. No. 115-391, 132 Sta. 5194.

[4] Defendant's criminal history includes at least five drug related convictions, two of which resulted in prison sentences (PSR ¶¶ 39, 42-45).